IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT PHILIP DEAN                                                    PLAINTIFF

v.                    Case No. 4:10-cv-1835-DPM

JERRY HENDERSON, Federal
Security Director, Transportation
Security Administration, Little
Rock National Airport                                                 DEFENDANT

ORDER

Robert Dean asks this Court to enjoin Henderson from using "full-body 'pat-down' searches" and "back-scatter full-body imaging systems." Document No. 2, at 2. Dean also wants to proceed *in forma pauperis*. Document No. 5.

In order to proceed with any claim against Henderson, Dean must have Article III standing. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). Dean must show three things: (1) that he has suffered an "injury in fact—an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent," not merely hypothetical; (2) a "causal connection" between his injury and Henderson's conduct; and (3) a likelihood that the injury will "be redressed by a favorable decision." *Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotations omitted).

Dean has not met his burden. His petition for temporary injunctive relief does not show that he has or will suffer any injury in fact. Instead, he claims that the mere existence of the procedures is "detrimental to [his] emotional, psychological[,] and mental well-being." Document No. 2, at 1–2. This is neither "concrete and particularized" nor "actual or imminent." *Lujan*, 504 U.S. at 560 (internal quotation omitted).

Dean also moves for leave to proceed *in forma pauperis*. Document No. 5. The Court denies the motion. Dean has a job. His annual gross income is approximately $25,000.00, while his annual expenses are approximately $4,000.00. If Dean wishes to pursue this case, he must pay the full filing fee, pay for serving process, and pay all his litigation expenses.

The Court grants Dean until 17 December 2010 to file an amended pleading showing that he has Article III standing. If he does not do so, his case will be dismissed for lack of subject matter jurisdiction. Dean must pay the filing fee by December 17th too. Failure to do so will also result in dismissal without prejudice. Finally, while Dean's initial pleading was a complaint in substance, it was styled as a petition for a temporary injunction.

His amended pleading should be styled as a complaint with either an embedded request for an injunction or a separate motion for one.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

7 Dec. 10